[No. 3,740.]

## J. G. KREICHBAUM AND LUCY KREICHBAUM, HIS WIFE, *v.* WILLIAM MELTON AND S. POTTER, SHERIFF OF SONOMA COUNTY.

FORECLOSURE OF MORTGAGE.—It is the rule in ordinary cases of foreclosure, that the title ordered to be sold, is only the title which was held by the mortgagor at the date of the mortgage.

IDEM.—Such rule is applicable to all cases of foreclosure, except perhaps when facts of an equitable character are stated, which show that a title acquired by the vendee of the mortgagor, after his purchase from the mortgagor, should also be subjected to the line of the mortgage.

DECREE FORECLOSING A MORTGAGE.—A decree enforcing the lien of a mortgage, which directs the mortgaged premises to be sold, and bars the defendants of the right of redemption of, or claim to the mortgaged premises, so far as the title was vested in the mortgagor at the date of the mortgage, affects only the title which the mortgagor held, and does not direct the sale of, or affect the title which a purchaser from the mortgagor, who was a party defendant, acquired after his purchase from the mortgagor, from one who held adversely to the mortgagor.

CROSS-COMPLAINT.—A cross-complaint, like a complaint, must, in itself, state all the requisite facts to entitle the defendant to affirmative relief, and defects in it cannot be cured by the averments of any of the other pleadings in the action.

FORECLOSURE OF MORTGAGE.—If a decree foreclosing a mortgage does not direct the sale of a title acquired by a purchaser from the mortgagor after his purchase, and who is a party defendant, this result can be attained solely by supplemental proceedings in the foreclosure suit, and upon allegations not only showing a right to such relief, but a sufficient

excuse for not having brought that title before the Court in the original proceedings.

APPEAL from the District Court, Seventh Judicial District, County of Sonoma.

On the 21st day of February, 1865, Prudent Commary and Julia A. Commary were living on lots one and two of the southwest quarter of section seven, township eight, north of range eight west, Mount Diablo meridian, county of Sonoma, and executed to William Melton a mortgage on the same, to secure the payment of a promissory note. They had valuable improvements on the land; and about the 22d of March, 1868, conveyed the same to J. G. Kreichbaum, for a valuable consideration, and let him into possession. Kreichbaum, on said day, filed his declaratory statement as a preëmptioner, and about the 12th of October following made proof of settlement, and paid for the land and received a certificate of purchase. A patent was issued to him on the 10th of May, 1870. On the 12th day of October, 1868, Kreichbaum conveyed the land to his wife. On the 19th of February, 1870, Melton commenced an action to foreclose his mortgage, making the mortgagors and Kreichbaum and his wife defendants, and obtained a decree, October 28, 1870, which was the decree mentioned in the opinion. The Sheriff sold the mortgaged premises on the 12th day of December, 1870, and Melton became the purchaser, and received a Sheriff's deed at the expiration of six months. Melton obtained a writ of assistance, which he placed in the Sheriff's hands, and the Sheriff was proceeding to eject Kreichbaum and wife, when they commenced this action, to enjoin the service of the writ. The defendants in their answer inserted the following cross-complaint:

"And for another and separate defense to the plaintiff's cause of action, and by way of cross-complaint by the said defendant, William Melton, the said William Melton states that, on the 21st day of February, 1865, the day on which the mortgage from Prudent Commary and Julia A. Commary to the said Melton, for the land in controversy was

made and delivered, the said Prudent and Julia A. Commary were in the actual possession of the land and premises in controversy, upon which were extensive and valuable improvements. That the greater portion if not the whole of said land was enclosed, and that the said Prudent Commary and Julia A. Commary with their family, resided upon said land. That the said Julia A. Commary is the wife of the said Prudent Commary. That the said Prudent and Julia A. Commary, with their family, continued to reside upon said land until on or about the 23d day of March, 1868, when the said Prudent and Julia A. Commary sold the said land to the said J. G. Kreichbaum, by deed dated the 23d day of March, 1868, executed and delivered by the said Commarys to the said J. G. Kreichbaum, when the said Commarys delivered to the said J. G. Kreichbaum the actual possession of the said premises, and that the consideration for which the said land was sold and conveyed, and the possession thereof delivered to the said J. G. Kreichbaum, was two thousand one hundred and fifty dollars; that a portion of said consideration-money, to wit, about one thousand two hundred and eighty dollars, was paid by the said J. G. Kreichbaum, to the said Prudent Commary, and the amount due upon the said mortgage from the said Prudent and Julia A. Commary to the said William Melton, was to be paid by the said J. G. Kreichbaum to the said Melton. That at the time of making the sale of the said premises by the said Commarys, to the said J. G. Kreichbaum, it was understood and agreed between the said Commary, J. G. Kreichbaum and the defendant, William Melton, that the said J. G. Kreichbaum was to pay off and discharge the said mortgage upon said land, and that the payment of said mortgage by the said J. G. Kreichbaum, was to be that much towards the payment of the purchase-money, for which the said land was sold by the said Commarys to the said J. G. Kreichbaum. And that it was upon that condition and understanding that the said Commarys delivered to the said J. G. Kreichbaum the possession of said land. That the possession of said land, so delivered as aforesaid by the said Commarys

to the said J. G. Kreichbaum, under the said promises of the said J. G. Kreichbaum, to pay the said mortgage as aforesaid, enabled the said J. G. Kreichbaum to make a settlement thereon and prove up his right of preëmption to the said land. That without the possession of said land so obtained as aforesaid, the said J. G. Kreichbaum never could have preëmpted said land."

The Court dismissed the cross-complaint, and enjoined the service of the writ. The defendants appealed.

The other facts are stated in the opinion.

*A. Thomas,* for the Appellants.

The Court erred in deciding that the cross-complaint did not state facts sufficient to authorize judgment in favor of the defendant Melton. (*Treadgill* v. *Pintard,* 12 How. U. S. R. 24; 2 Johns. Ch. 33; 4 Munroe, 291; *Tarter* v. *Hall,* 3 Cal. 263; *Redman* v. *Bellamy,* 4 Cal. 250; *Galloway* v. *Finley,* 12 Pet. 294.)

*McCullough & Maslin,* for the Respondents.

The Court in its decree in the foreclosure case did not pass on the question of the title derived by Kreichbaum from the United States. The decree left the extent of the interest of the defendants to be determined in some other character of action than the one to foreclose a mortgage.

Appellant's counsel, in his answer, sets up new matter as a defense to the complaint of the plaintiff, and calls it a "cross-complaint," and demands affirmative relief. This is clearly matter of defense, and no replication thereto was necessary. (*Goddard* v. *Fulton,* 21 Cal. 430; *Harold* v. *Smith,* 34 Cal. 122; *Jones* v. *Jones,* 38 Cal. 584; *Doyle* v. *Franklin,* 40 Cal. 107.)

By the Court, RHODES, J.:

It is claimed by the defendants that the matters now sought to be litigated were determined in the foreclosure suit of *Melton* v. *Commary,* and that the determination was

adverse to the plaintiffs in this action. The complaint in that action was in the usual form, and it contained an allegation that Kreichbaum had purchased the mortgaged premises from the mortgagor after the execution of the mortgage, and that, as a part of the consideration for such purchase, he promised to pay to Melton the mortgage debt. Kreichbaum and wife interposed a general denial, and also averred that in 1868—which was subsequent to the execution of the mortgage—the premises were public lands of the United States; that Kreichbaum settled upon the same, filed his declaratory statement, etc., and in October of that year purchased the same and received a certificate of purchase therefor. The decree of foreclosure was rendered October 28, 1870, and it was thereby adjudged and decreed that the mortgaged premises be sold to satisfy the mortgage debt and costs, and that the defendants "be forever barred and foreclosed, from and after the delivery of the said sheriff's deed, of and from all equity of redemption and claim, of, in, and to the said mortgaged premises, and every part and parcel thereof, with the appurtenances, so far as the rights and title vested in defendant P. Commary, at the date of the mortgage above named, and which was acquired from him by the defendants Kreichbaum." It is the rule in ordinary cases of foreclosure, that the title ordered to be sold is only the title which was held by the mortgagor, and that rule is applicable in all foreclosure cases, except, perhaps, when facts of an equitable character are stated which show that a title acquired by the vendee of the mortgagor, after his purchase from the mortgagor, should also be subjected to the lien of the mortgage. No facts of that character are stated in the complaint. Our conclusion on this point, based on a construction of the decree, and in view of the rule just stated, is that the decree ordered the sale of only the right and title which the mortgagor held, and did not include or affect any right or title which Kreichbaum acquired after his purchase from the mortgagor.

In the present action—the purpose of which is to restrain the execution of a writ of assistance issued at the instance

of Melton, the mortgagee, who purchased at the foreclosure sale—Kreichbaum and wife allege the settlement and preëmption claim of Kreichbaum, his purchase from the United States in October, 1868, and the issuing of a patent to him by the United States on the 10th of May, 1870. The defendant alleges, in his cross-complaint, that when the mortgage was executed, Commary and wife resided on, and had the possession of the mortgaged premises, and had valuable improvements thereon; that they sold the premises to Kreichbaum, and delivered the possession to him, and that the latter, in part consideration thereof, agreed to pay the amount due on the mortgage to Melton; that the purchase and acquisition of the possession of the premises by those means, enabled Kreichbaum to acquire the right of preëmption to the premises. The prayer is that the plaintiffs be ordered to execute to Melton a deed, conveying to him the title which they acquired from the United States.

The Court dismissed the cross-complaint, on the ground that it did not state sufficient facts to constitute a cause of action. A cross-complaint must state facts sufficient to entitle the pleader to affirmative relief; and it cannot be helped out by the averments of any of the other pleadings in the action. Like a complaint, it must itself contain all the requisite facts. It is not alleged in the cross-complaint that Melton acquired any interest in the land which the mortgagor held, or any equitable interest or right in the title which Kreichbaum obtained from the United States.

There is nothing in the case—and clearly nothing in the cross-complaint—from which it appears that Melton, by his purchase at the foreclosure sale, was vested with the interest which Kreichbaum acquired from the United States; and it is clear, we think, that he cannot obtain that title by means of the foreclosure proceedings and sale, unless it be first subjected, by the foreclosure decree, to the lien of the mortgage. This result can be attained only by supplemental proceedings in the foreclosure suit, and this upon allegations, not only showing his right to such relief, but also a sufficient excuse for not having brought that title be-

fore the Court in the original proceedings. This is the doctrine of *Goodenow* v. *Ewer* (16 Cal. 469).

Judgment and order affirmed.

Mr. Chief Justice WALLACE did not express an opinion.