[No. 7,500.—Department Two.]

## ISAAC COULTHURST v. MARY JANE COULTHURST.

CROSS-COMPLAINT—DIVORCE—PLEADING.—A cross-complaint must state facts sufficient to entitle the pleader to affirmative relief; and it can not be helped out by the averments of any of the other pleadings in the action. Like a complaint, it must itself contain all the requisite facts.

APPEAL from a judgment for the defendant in the Superior Court of Lassen County. HENDRICK, J.

*E. V. Spencer*, for Appellant.

*H. M. Barstow* and *John C. Hall*, for Respondent.

MORRISON, C. J.:

Plaintiff brought suit against the defendant, in the Superior Court of Lassen County, praying that the bonds of marriage existing between defendant and himself might be dissolved, and the defendant filed her answer, denying the existence of any of the causes for divorce, set forth in the complaint, and also, by way of cross-complaint, averring extreme cruelty on the part of the plaintiff, and praying that the Court might grant her a decree of divorce. The case resulted in a decree granting the defendant's prayer, and from that decree plaintiff prosecutes this appeal.

By § 442, Code Civ. Proc., it is provided that "whenever the defendant seeks affirmative relief against any party, re-

lating to or depending upon the contract or transaction upon which the action was brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the Court subsequently, a cross-complaint." The defendant, in this case, after denying the charges contained in the complaint, proceeded as follows: "And defendant, as recriminating matter against said plaintiff, and in bar of his cause of divorce, and as a cross-complaint herein, alleges: That on or about the month of November, 1872, plaintiff treated defendant with extreme cruelty," etc., proceeding to enumerate the acts of cruelty complained of.

It is claimed on this appeal, that the defendant's cross-complaint was totally defective, for the reason that it contained no averment of marriage, or residence for the period of six months within the State. It is well settled that both of these facts are necessary and indispensable in a complaint for a divorce, and the only question is, are they equally essential in a cross-complaint? In the case of *Collins* v. *Bartlett*, 44 Cal. 381, the Court say: "In considering the cross-complaint, we have accepted as true all its allegations, but the agreed statement of facts and the finding have not been considered in connection with the cross-complaint, for they can not be regarded as adding thereto any further fact. The cross-complaint must fall unless it is sustainable on its own allegations of fact." And in the case of *Kreichbaum* v. *Melton*, 49 Cal. 55, the Court holds that "a cross-complaint must state facts sufficient to entitle the pleader to affirmative relief; and it can not be helped out by the averments of any of the other pleadings in the action. Like a complaint, it must itself contain all the requisite facts." See, also, *Haskell* v. *Haskell*, 54 Cal. 262.

Applying the principles laid down in the above cases to the defendant's cross-complaint, it is very obvious that it was materially defective as a pleading, and did not entitle defendant to the relief granted by the Court.

It is unnecessary to examine the other questions presented in the transcript, as the material defects in the cross-complaint make it our duty to reverse the judgment.

Judgment reversed.

THORNTON, J., MYRICK, J., and SHARPSTEIN, J., concurred.