[In Bank. — January 26, 1883.]

# T. M. LOUP ET AL., RESPONDENTS, *v.* CALIFORNIA SOUTHERN RAILROAD COMPANY, APPELLANT.

CONTRACT — RAILROAD CONSTRUCTION — ESTIMATES OF ENGINEER — PLEADING. — The action was brought in part to recover a balance alleged to be due for the grading and masonry work of certain sections of a railroad. The contracts under which the work was done provided for payments from time to time during the progress of the work upon estimates by the engineer as to its amount and value according to the contract prices, and further provided that on the completion of the work the engineer should make a final estimate of all the work done, and that the balance due after deducting previous payments should thereupon be paid by the defendant. The complaint contained four counts, in the first and fourth of which the plaintiff declared specially upon the contracts above referred to. It was alleged that the work had been completed and the contracts fully performed on their part, but there was no allegation in regard to an estimate by the engineer. The defendant demurred for insufficiency, and the demurrer was overruled. *Held,* that these two counts were bad because of the omission in respect to an estimate as provided for by the contracts.

APPEAL from a judgment of the Superior Court of the county of San Diego, and from an order refusing a new trial.

The facts are stated in the opinion of MR. JUSTICE MCKEE.

*H. E. Cooper,* and *M. A. Luce,* for Appellant.

*Chase, Arnold & Hunsaker,* and *Leach & Parker* for Respondents.

MCKEE, J. — The complaint in this case contains four counts: The first and fourth are founded upon two special contracts, the third upon a *quantum meruit,* and the second upon a cause of

action in the nature of an action on the case for alleged wrongful acts or omissions by the defendant.

There was a demurrer to the complaint, on the grounds that several causes of action had been improperly united, and that none of the counts contained facts sufficient to constitute a cause of action; but the demurrer was overruled.

Several causes of action are unitable in one complaint when they arise upon contract express or implied; and as the first, third, and fourth counts arise out of the special contracts upon which the action is founded, they belong to the same class and were properly united in the complaint.

But the second count in the complaint is not founded on the contract. Its allegations are, substantially, that the defendant had, according to the terms of the contract, the right to enter at any time, by itself or its agents, upon the premises covered by the contract, and perform any work thereon; that about the 1st of April, 1881, it elected to avail itself of the right, and after notifying the plaintiffs entered upon the premises for the purpose of constructing some culverts on the road; that it kept and held possession of the premises for the space of three months, and "unnecessarily delayed and neglected and refused to proceed in a prompt or reasonable manner, or in a reasonable time, to construct said culverts, so as to permit the plaintiffs to do their part of the work, and thereby hindered and delayed plaintiffs in and about the doing of their work aforesaid; . . . . and by reason of the hinderance and delay caused by the negligent and wrongful acts and omissions of the defendant the plaintiffs have sustained damages in the sum of one thousand dollars," for which they ask judgment.

In entering upon the premises covered by the contracts the defendant was not guilty of a breach of contract, for the right to enter was reserved by the contracts; but the charge is that the defendant, in exercising its right, "neglected and refused to proceed in a prompt or reasonable manner, or in a reasonable time," to perform its work; and for these wrongful acts or omissions the plaintiffs sue. But such acts or omissions constituted a breach of duty, not of contract, out of which arose an obligation and a liability on the part of the defendant to respond to the plaintiffs in damages.

A person commits a tort, and renders himself liable to an action for damages, who commits some act not authorized by law, or who omits to do something which he ought to do by law, and by such an act or omission either infringes some absolute right, to the enjoyment of which another is entitled, or causes to such other some substantial loss of money, health, or material comfort.   (Underhill on Torts, 4.)   So whenever there is a contract and something to be done in the course of the employment which is the subject of that contract, if there be a breach of duty in the course of the employment, the persons injured by the breach may recover damages in tort.   (Cooley on Torts, 91 ; *Courtenay* v. *Earl,* 10 Com. B. 73.)

It therefore seems clear that the cause of action stated in the second count was founded on a neglect of duty.   The plaintiffs allege that the defendant by its wrongful acts and omissions occasioned them injury, and the action was tried and determined as an action *ex delicto ;* for the court found that the defendant had the right, under the contract, to enter upon the premises and construct the culverts.   Where a person has authority to do an act no action will lie for doing it, unless in the performance of the act he has violated some duty which he owed to the plaintiffs.   And the court finds that there was such a violation of duty, because, in performing the act which it had authority to perform, "the defendant did not proceed in a reasonably diligent or expeditious manner, but greatly delayed in building the culverts, and refused to proceed in a reasonably prompt or expeditious manner therewith."   The defendant was therefore guilty of a wrong to the plaintiffs which occasioned damages to them in the sum of one thousand dollars, and that sum the court awarded to the plaintiffs in the general judgment on the causes of action on the contracts.   Damages for breaches of contracts and for neglect of duty were thus assessed in the same case ; but an action founded on neglect of duty cannot be united in the same complaint with actions founded on contracts.   (*Bowman* v. *Purtell,* 47 N. Y. Supr. Ct. 403 ; *Thompson* v. *St. Nicholas Bank,* 61 How. 163.)   The demurrer to the complaint should therefore have been sustained.

Besides, the defendant is sued as a corporation, and in the fourth count of the complaint there is no averment of the defendant's corporate existence.

It is a settled rule of pleading that each count must contain in itself facts sufficient to constitute a cause of action; it cannot be helped out by reference to other counts or parts of the complaint for averments which are essential to it as a cause of action. (*Collins* v. *Bartlett*, 44 Cal. 371; *Kretchbaum* v. *Melton*, 49 Cal. 55.)

Moreover, neither the first nor fourth counts contain any sufficient averment of a breach of the covenant of the defendant to pay, which is contained in the special contracts upon which the causes of action are founded.

It appears by the contracts that Loup and Withers, the respondents, undertook to do the grading and masonry work of some sections of the appellant's railroad, according to specifications of the work which were incorporated in the contracts, and in conformity to the plans and directions and to the satisfaction and acceptance of the chief engineer of the appellant. The work contracted for was to be commenced and finished within specified dates, for which the appellant agreed to pay, at prices fixed by the contracts, from time to time, "and in the manner and form provided" by the contracts. Those provisions were as follows :—

"1st. Estimate of the work shall be made by and under the direction of the engineer at the close of each calendar month, or as soon thereafter as may be, of the amount and value as near as practicable of work done and material furnished and delivered under this contract according to the prices named herein; and within thirty days after the rendering of such estimates the said company shall pay to the said contractor the amount of said estimates, less previous payments, and less ten (10) per cent.

"2d. Also, that the ———— per cent retained from the above monthly estimates shall in no case be considered due or payable to said contractor until the work herein contracted for is fully completed, in accordance with this agreement, and said percentage may be used by the company in case of apprehended delay, in hastening the completion of the work.

"Upon the completion of all the work herein contracted for, in the time and manner agreed upon, or as soon after said completion as may be, the engineer shall make a final estimate of all the work done, from which shall be deducted the sum of the

payments theretofore made on the monthly estimates, and the residue shall be paid by said company at its office in San Diego to said contractor, upon his receipting for the same in full upon said final estimate." It was also stipulated "that in case any disputes or differences shall arise between the company and the contractor as to the construction, or true intent or meaning of the agreement, or the sufficiency of the performance of any of the work to be done under it, or the price to be paid, that all such disputes and differences shall be referred to the engineer, who shall consider and decide the same, and his decision shall be final between the parties, who do hereby submit, all and singular, the premises to the award, arbitration, and decision of the engineer, and agree that the same shall be final and conclusive between them to all intents and purposes whatsoever; and it is further agreed that the submission to the engineer touching all matters herein contained, agreed to be submitted to him, shall be deemed, considered, and taken as an essential part of this agreement, and not revocable by either of the parties hereto."

Allegations are made that the contractors performed all the conditions of the contracts to be by them performed; that they fully completed the work, and the same was accepted by the railroad company, but that the company has since its acceptance refused to perform its covenants, and has failed and refused to make or cause to be made a final estimate of the work and of the money due to the contractors.

The last of the stipulations in the contracts, to refer any disputes and differences which might arise between the contractors and the company, as to the construction of the contracts, or the sufficiency of the performance of any of the work done under them, or the price to be paid to the chief engineer of the company for his arbitrament and final decision, goes to the very foundation of the present action, and, if valid, operates to oust the jurisdiction of the courts over the contracts; but such a stipulation in a contract is regarded as being against the policy of the law, and, for that reason, void; and, notwithstanding such a stipulation in the contracts, an action may be maintained upon the contract without offering to comply with the stipulation. Such was the conclusion reached by this court, after a review of the authorities, in the case of *Holmes* v. *Richet*, 56 Cal. 307.   In

that case we held that an agreement to refer a case to arbitration will not be regarded by the courts; but they will take jurisdiction and determine a dispute between parties, notwithstanding such agreement.

But the first of the stipulations referred to is not the equivalent of the last; it does not attempt to exclude the jurisdiction of the courts over the contracts; it simply makes their enforcement dependent upon the settlement and ascertainment by a third person of the amount due and unpaid.  As such, the obligation of the defendant to pay for the work did not arise until the final estimate was made by the chief engineer, showing all the work which had been done, the payments which had been made upon it, and the balance which remained due and unpaid.  Upon the production of such a document the company promised to pay at its office in the city of San Diego.  The right of the contractors to payment, or to enforce payment was, therefore, by their contract, made dependent upon the act of the engineer, and until performance of that, no action could be maintained to enforce performance of the promise to pay, unless the defendant waived the condition by permitting the performance of the act, or the engineer himself, fraudulently or otherwise, refused to perform, or unless there was a breach of the condition by refusal of the defendant to have the estimate made on demand of the contractors, or to pay according it its promise, when it was presented at its office and payment demanded.  But there are no such averments contained in the complaint — there are, therefore, no sufficient averments of a breach of the conditions upon which the contracting parties made the payment dependent.  One party to a contract cannot complain of the other until he has put his adversary in default by not only a substantial performance of the contract on his part, but a failure or refusal to perform on the other.

In *Smith* v. *Briggs*, 3 Denio, 73, defendant had covenanted to pay the plaintiff for doing the carpenter work of certain houses, when he should receive from the architect his certificate that the work was fully and completely finished, according to the specifications annexed to the contract, and it was held that the giving of the certificate by the architect was a condition precedent, the performance of which must be averred in the declaration in an

action to recover payment of the work.  *Morgan* v. *Birnie,* 9 Bing. 672, is to the same effect; and this court in *Holmes* v. *Richet,* 56 Cal. 307, affirmed the same doctrine.  "If," says Mr. Justice Bramwell, in *Elliot* v. *Royal Ex. Assurance Co.* L. R. 2 Ex. 245, "the original agreement is not simply to pay a sum of money, but that a sum of money shall be paid if something else happens, and that something else is that a third person shall settle the amount, then no cause of action arises until the third party has so assessed the sum.  For to say the contrary would be to give the party a different measure or rate of compensation from that for which he bargained."  " And," says the Supreme Court of Vermont, in *Herrick* v. *Belknap,* 27 Vt. 673, "if payment for the work performed is dependent upon, and to be made according to the engineer's estimates, as to its amount, and the employing party performs its duty in reference to the employment of suitable engineers, etc., the obligation to pay will not arise until such estimates are made, unless no estimates have been made through the neglect or fault of the engineer or of the party who employs him."

These cases establish the proposition that the action in hand was, according to the allegations of the complaint, prematurely brought, and the demurrer to the complaint ought to have been sustained.

Many other questions arise out of the record, but in view of the conclusions reached, it is unnecessary to pass upon them.

Judgment and order reversed.

THORNTON, J., concurring specially.  I concur in the judgment on the last point ruled in the foregoing opinion.  As to the other points I am of opinion that there is no error in the ruling of the court below.

MORRISON, C. J., ROSS, J., McKINSTRY, J., and MYRICK, J., concurring specially.  We concur in the judgment on the ground that averment and proof of the estimates by the engineer, as provided for in the contracts, (or averment and proof of legal cause for the non-production of such estimates,) were essential to the vesting of a cause of action in plaintiffs.