FLETCHER et al. v. MacGINNISS.   (No. 7139.)

(Supreme Court, Appellate Division, First Department.   May 21, 1915.)

1. PLEADING ☞146—SUFFICIENCY.
    A counterclaim must be complete in itself, and cannot be aided by allegations of necessary facts contained in other pleadings.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 101–103; Dec. Dig. ☞146.]

2. EXECUTORS AND ADMINISTRATORS ☞434—ACTIONS—MATTERS WHICH CAN BE URGED AS COUNTERCLAIM.
    Code Civ. Proc. § 506, declares that, in an action by an executor or administrator in his representative capacity, a demand against the decedent belonging at the time of his death to the defendant may be set off as a

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

counterclaim, as if action had been brought by the decedent in his lifetime. Plaintiffs, as executors, sued to recover damages for deceit practiced by defendant upon their testator. *Held*, that a demand arising out of the contract in question after the death of the testator could not be set up as a counterclaim.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1698–1715; Dec. Dig. 434.]

3. EXECUTORS AND ADMINISTRATORS 434—ACTIONS—SET-OFF AND COUNTERCLAIM.

Plaintiffs' testator agreed, in consideration of receiving a share in a mine, to pay off claims to a fixed amount. A check accompanied the agreement, which was in the form of a letter accepted by defendant. *Held* that, as the letter provided that on making settlement defendant might draw on the testator up to the fixed amount, but that the testator should be given credit in case the full amount agreed upon was not necessary to discharge the indebtedness, the testator did not, on the making of the contract, become obligated to pay the entire amount, and hence defendant cannot, in an action by the executors to recover the amount paid by testator, as obtained by fraud, set up disbursements made after the testator's death as a counterclaim.

[Ed. Note.—For other cases, see Executors and Administrators,. Cent. Dig. §§ 1698–1715; Dec. Dig. 434.]

Appeal from Special Term, New York County.

Action by Austin B. Fletcher and others, as executors of the last will and testament of Henry J. Braker, deceased, against John MacGinniss. From an interlocutory judgment overruling their demurrer to defendant's counterclaim, plaintiffs appeal. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

S. A. Crummey, of New York City, for appellants.

Jacob J. Schwebel, of New York City (Charles Miller, of New York City, on the brief), for respondent.

LAUGHLIN, J. This action is brought to recover $3,642.95 damages for deceit. The plaintiffs allege that their testator, who died on the 1st day of September, 1908, leaving a last will and testament, upon which letters testamentary were issued to them, was induced on or about the 5th day of June, 1908, by specified false and fraudulent representations made by the defendant, upon which he relied, to agree to pay to the defendant the sum of $11,283.65, to be used for the payment of certain indebtedness "for labor and otherwise" theretofore incurred for the erection of a mill upon certain mining properties owned by one Beal situate in German Gulch, Silberia mining district, Silver Bow county, Mont., in consideration for which payment the defendant agreed that plaintiffs' testator should have a $22\frac{1}{2}$ per cent. interest in the defendant's interest in said mining properties, which was falsely represented to be $2\frac{1}{2}$ per cent., and a $22\frac{1}{2}$ per cent. interest in any and all profits that might be realized "from the operations or flotation of any company or companies based on the said mining properties," and the payment by him to defendant on account of $3,642.95. The answer admits the payment of the money, the death of Braker on the

1st day of September, 1908, the probate of his will, and the appointment of the plaintiffs as his executors on the 22d of September, 1908, and the demand for the repayment of the money, but puts in issue all of the other material allegations of the complaint. The defendant then pleads, under the heading, "Further answering the complaint herein, and by way of counterclaim, the defendant alleges," that on the 5th day of June, 1908, Henry J. Braker, deceased, by an agreement in writing, a copy of which was thereto annexed and made a part thereof, agreed to pay the defendant the sum of $3,642.95, and did pay it at the time of signing the agreement, and also agreed to make the further payment of $7,640.70 from time to time as provided for and set forth in the agreement; that the defendant expended for the purposes mentioned in the agreement, and in the manner therein specified, the sum of $7,-922.95, and received on account thereof only the sum of $3,642.95; and that there is due and owing to the defendant, pursuant to the agreement, the sum of $4,280, together with interest thereon from the 30th day of December, 1911, no part of which has been paid, although duly demanded, and judgment is demanded for that amount.

The agreement is in the form of a letter written by Henry J. Braker to the defendant, and contains a written indorsement of an acceptance by the defendant. The letter, so far as material, recites in substance that Braker understood that the defendant was interested in a mining venture having for its object the exploitation of several placer and quartz mines located at the place specified in the complaint, all but $2\frac{1}{2}$ per cent. of which had been deeded to the Montana Gold Mountain Mining Company, and that the defendant owned the remaining one-fortieth interest, and that a mill had been erected on the property, on which indebtedness amounting approximately to $11,283.65 was owing, and against which certain liens had been filed; that in consideration of an agreement by Braker to pay the indebtedness to the extent of $11,283.65, he was to have a $22\frac{1}{2}$ per cent. interest in the syndicate engaged in developing and testing the ores on the property—"in other words, $22\frac{1}{2}$ per cent. of the one-fortieth owned outright, and $22\frac{1}{2}$ per cent. of any and all profits that may be realized directly or indirectly from your operations or flotation of any company or companies based on the above mentioned properties"—and that he accepted "this proposition with the understanding that you will make an effort to settle the various bills that make up this indebtedness as advantageously as possible to the syndicate, and that I am personally to be credited with any differences between the amount paid and the $11,283.65," and that he therewith presented his check for $3,642.95, the amount then due for labor, and authorized the defendant to draw on him from time to time "as settlement is arrived at with the remaining creditors, not exceeding, however, a total of $7,640.70 in addition to the $3,642.95 herewith."

[1] The demurrer is upon the ground that it appears upon the face of the alleged cause of action set forth as a counterclaim "that it does not state facts sufficient to constitute a cause of action." Many objections of a somewhat technical nature are interposed to the counterclaim. It is not alleged in the counterclaim that the contract upon which it is based is the contract which it is alleged in the complaint the decedent was induced by fraud to execute, although the date and the nature of

the contracts are the same. Nor is it alleged that the parties to the contract were the same, although it is alleged that the names are the same, and it appears by the counterclaim, as well as by the complaint, that the Braker who made the contract has died. The counterclaim does not show that the plaintiffs are the executors of Braker, although that fact is alleged in the complaint and admitted; but it is neither alleged nor referred to in the counterclaim, otherwise than appears by the title of the action. The general rule is that a counterclaim must be complete in itself. Cragin v. Lovell, 88 N. Y. 258; Roldan v. Power, 14 Misc. Rep. 480, 35 N. Y. Supp. 697. See, also, Reiners v. Brandhorst, 59 How. Pr. 91; Victory Webb, etc., Mfg. Co. v. Beecher, 55 How. Pr. 193; McKenzie v. Fox, 55 Hun, 608, 8 N. Y. Supp. 460; Douglass v. Phœnix Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448; Sbarboro v. Health Department, 26 App. Div. 177, 49 N. Y. Supp. 1033; Davenport v. Walker, 132 App. Div. 96. These objections, therefore, should have been obviated by appropriate allegations.

[2, 3] The appellants contend that it is not alleged that the counterclaim existed at the time of the death of Braker, which they claim is essential where it is interposed against his executors. They rely on the provisions of section 506 of the Code of Civil Procedure, which provides that, in an action brought by an executor or administrator in his representative capacity, a demand against the decedent belonging to the defendant at the time of the death of the decedent may be set forth as a counterclaim, the same as if the action had been brought by the decedent. This objection is, I think, insuperable. The counterclaim does not show whether the disbursements for which it is interposed were made on the contract before or after Braker's death. If they were made after, it would not be a proper counterclaim. Jordan v. National Shoe & Leather Bank, 74 N. Y. 467, 30 Am. Rep. 319; Throop's note on Counterclaim, 3 N. Y. Civ. Proc. R. at page 226; Peyman v. Bowery Bank, 14 App. Div. 432, 43 N. Y. Supp. 826. The respondent endeavors to meet this objection on the theory that Braker became forthwith obligated to pay the entire amount of $11,283.65 on the acceptance of the letters constituting the contract. I am unable to agree with that construction of the contract. The letter shows that the check inclosed with it covered the amount *then due* for labor, and it is quite clear that Braker did not obligate himself to pay the balance until notified that settlements had been arrived at with the remaining creditors, at which time he agreed that the defendant might draw on him. There is no allegation as to when those settlements were made, or that the defendant ever drew on the decedent in accordance with the contract. There is a further attempt to sustain the pleading on this point on the theory that the allegation in the counterclaim that the amount was duly demanded is an allegation by implication that the moneys had been paid by the defendant before the death of Braker; but the allegation that the amount was duly demanded cannot be construed as equivalent to an allegation that the defendant was entitled to the money at the time the demand was made. It merely means that, if he was entitled to the money at that time, he made a due demand therefor.

It follows that the interlocutory judgment should be reversed, with costs, and the demurrer sustained, with costs, but with leave to the defendant to amend on payment of the costs of the appeal and of the demurrer.

Judgment reversed, with costs, and demurrer sustained, with costs, with leave to defendant to serve amended answer on payment of costs in this court and in the court below.  Order filed.

McLAUGHLIN and CLARKE, JJ., concur.  INGRAHAM, P. J., and SCOTT, J., concur in result.