[Civ. No. 3261.    First Appellate District, Division Two.—March 23, 1920.]

## OLIVER K. HEARTE, Respondent, v. GLASSELL DEVELOPMENT COMPANY (a Corporation), Appellant.

[1] PLEADING — CONTRACT FOR STREET GRADING — ACTION TO RECOVER PAYMENTS—ESSENTIAL ALLEGATIONS.—Where the contract between plaintiff and the defendant corporation for the grading of certain streets provided that at certain specified times the defendant would pay plaintiff a given per cent of an engineer's estimate of the work done, a complaint to recover payments claimed to be due in accordance with its terms should allege performance or partial performance, or facts tending to show that performance was excused, prevented, or delayed by the defendant, the breach of the defendant, the corporate capacity of the defendant, and the fact that the engineer's estimate of the work done had been made as required by the contract, or legal excuse for the nonproduction of such estimate.

[2] ID.—PAYMENT IN CASH OR LAND—ACTION TO RECOVER CASH.— Where such contract calls for payment in cash up to a given amount and in land thereafter, to support an action thereon for money alone the plaintiff must allege that the amount claimed is due in money.

[3] ID.—ACTION FOR CASH OR LAND — SUFFICIENCY OF COMPLAINT — SPECIFIC PERFORMANCE—ALTERNATIVE JUDGMENT.—In such action, the mere allegation that plaintiff "claims" a certain sum in cash or real property due under the contract does not state a cause of action for either money or land. If land alone is due, the remedy is by specific performance to compel a conveyance; and an alternative judgment for money can be had only in the event that specific performance is impossible.

APPEAL from a judgment of the Superior Court of Los Angeles County. Wm. D. Dehy, Judge presiding. Reversed.

The facts are stated in the opinion of the court.

J. E. Hannon for Appellant.

William P. Redmond for Respondent.

NOURSE, J.—This is an appeal from a judgment in favor of plaintiff following the verdict of a jury in an action brought to recover damages for breach of contract. Gener-

ally, the facts material to the opinion are: That plaintiff and defendant entered into a written contract whereby plaintiff agreed to grade certain streets in the city of Los Angeles in accordance with plans and specifications which were made a part of the contract, and defendant agreed to pay plaintiff therefor, on the 1st and 15th of each month, eighty per cent of the engineer's estimate of the work done, the balance of twenty per cent to be reserved until thirty days after the completion of the contract. The total contract price was not named, but when the sum of $3,741.30 had been paid in cash, the balance was made payable in land, seven distinct lots being described for that purpose. It is claimed on behalf of plaintiff that defendant in various ways delayed plaintiff in the performance of his contract and had failed to make the progressive payments when due, but it is not alleged in any of the first eight causes of action whether the contract was wholly or partially performed, or whether the contract was breached or abandoned by reason of the acts complained of. The amended complaint contains nine separate causes of action, some sounding in tort, others in *assumpsit*.

The first and fifth causes of action are based upon allegations of negligence upon the part of the defendant in cutting a ditch across the streets where the work was to be performed and permitting water from an artesian well to so flow across the line of work as to add to the burden of plaintiff's contract. The second and third causes of action are based upon allegations of failure upon the part of defendant's engineer to furnish the necessary grade stakes and negligence on his part in placing grade stakes so carelessly that plaintiff was delayed and was required to regrade a portion of the work. Upon the fourth and sixth causes of action the jury found for the defendant. The seventh cause of action is based upon allegations that the sum of $263.90 was due plaintiff as a progressive payment in accordance with the terms of the contract on the fifteenth day of August, 1917, and that the same, after demand, remained unpaid. As to the eighth cause of action, the amended complaint, after incorporating certain preceding paragraphs of the amended complaint, alleges as follows: "That pursuant to the said contract alleged in paragraph II

46 Cal. App.—44

of plaintiff's first cause of action, the defendant corporation withheld twenty (20%) per cent of all money earned by virtue of the work and service rendered by the plaintiff pursuant to the contract, and that upon information and belief plaintiff *claims* the sum of one thousand and two dollars ($1,002) *in cash or real property* in the value of one thousand and two dollars ($1,002) as such twenty (20%) per cent due the plaintiff under the terms of the said contract, to the further damage of the plaintiff in the sum of one thousand and two dollars ($1,002).'' As to the ninth cause of action, the amended complaint alleges that plaintiff was compelled to abandon the continuance of the work by reason of the wrongful acts of the defendant as theretofore alleged, and that by reason thereof he lost the sum of $1,154.50, the profits which he anticipated he would have earned upon completion of the contract. These allegations were not incorporated in any of the first eight causes of action. The jury found for the defendant upon this cause of action, and to it no consideration need be given herein.

Within time the defendant filed his demurrer to the amended complaint, setting up both general and special grounds, but this demurrer was overruled. Upon the opening of the trial the defendant objected to the introduction of any evidence in support of the amended complaint or in support of any of the separate causes of action therein stated on the ground that none of the alleged causes of action stated facts sufficient to constitute a cause of action. This objection, however, was overruled and the parties proceeded to trial, resulting in a verdict in favor of plaintiff as above stated on all but the fourth, sixth, and ninth causes of action.

As the soundness of this objection, in so far as it relates to the seventh and eighth causes of action, is so patent, this opinion might properly be confined to those two causes. [1] In the seventh cause of action plaintiff seeks to recover damages under a pleading which approaches the common-law count of *assumpsit.* But having by reference to the first cause of action incorporated the contract *in haec verba* in this cause of action, his pleading is in fact an action upon the contract for payment claimed to be due in accordance with its terms. A complaint for such purpose on a contract of this nature should allege performance or

partial performance, or facts tending to show that performance was excused, prevented, or delayed by the defendant, the breach of the defendant, the corporate capacity of the defendant, and the fact that the engineer's estimate of the work done had been made as required by the contract (or legal cause for the nonproduction of such estimate). (*Loup* v. *California S. R. R. Co.,* 63 Cal. 97, 103.)  **[2]**  Then the contract called for payments in cash up to the sum of $3,741.30 and in land thereafter.  To support an action for money alone it was essential to allege that the amount claimed was due in money.  None of these essential allegations appears in this cause of action.

The eighth cause of action is subject to the same objections and to the further objection that it fails to allege any indebtedness or any facts supporting a claim for damages. Plaintiff alleges on information and belief that he "claims the sum of one thousand and two dollars ($1,002) in cash or real property in the value of one thousand and two dollars ($1,002) as such twenty (20%) per cent due the plaintiff under the terms of the said contract, to the further damage of the plaintiff in the sum of one thousand and two dollars ($1,002)."  Here, also, it was essential to allege whether the cash payments under the contract had been made.  **[3]**  The mere allegation that plaintiff "claims" a certain sum in cash or real property due under the contract does not state a cause of action for either money or land.  If land alone is due, the remedy is by specific performance to compel a conveyance; if money alone is due, that fact must be alleged.  An alternative judgment for money could be had only in the event that specific performance was impossible.  On the trial it was proved without conflict that no money was due as claimed under this cause of action, but notwithstanding this undisputed evidence, the jury awarded plaintiff a money judgment for the full sum claimed.

It is not necessary to discuss the objections which are made to the introduction of evidence in support of the various causes of action further than to say that some of them alone would require a reversal of the judgment.  But it is not likely that the same errors will occur on a new trial.

For the reasons given the judgment is reversed.

Langdon, P. J., and Brittain, J., concurred.