D. M. DENTON, Respondent, v. D. F. DETWEILER, ELMER AMAN, L. G. HILL, S. N. PITTULLO, J. A. CROM,· PETER ERICKSON, H. MURPHY, and FRANK DeKLOTZ, Appellants, and TIMES PRINTING & PUBLISHING COMPANY, Intervenor and Appellant.

[256 Pac. 946.]

CORPORATIONS—EVIDENCE, INSUFFICIENCY OF—CORPORATE STOCK—PURCHASERS NOT LIABLE FOR DEBT.

1.  In action to recover alleged balance due on purchase price of certain stock sold to defendants by plaintiff's agent, evidence *held* insufficient to support finding that there was any balance due thereon.

2. In absence of agreement by purchasers of corporate stock to assume indebtedness of seller on note for use and benefit of corporation as part of consideration for stock purchased from plaintiff, defendants are not liable therefor.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. William A. Babcock, Judge.

Action on contract. Judgment for plaintiff. *Reversed.*

Sweeley & Sweeley, for Appellants.

"In an action for damages for the breach of a contract the complaint must contain two essential elements: first, that the breach of the contract occurred and this breach must be specifically averred in unequivocal language." (Sutherland, Pleading and Practice, sec. 230; *Moore v. Besse,* 30 Cal. 570; *People v. Central Pacific R. R. Co.,* 76 Cal. 29, 18 Pac. 90; *Curtiss v. Bachman,* 84 Cal. 216, 24 Pac. 379.)

"A party suing upon a contract to pay money must show breach of the contract or his complaint states no cause of action; therefore it is held that the complaint must in such case allege the nonpayment of the money claimed under the contract." (*Richards v. Traveler's Ins. Co.,* 80 Cal. 505, 22 Pac. 939; *Barron v. Frink,* 30 Cal. 486; *Morgan v. Menzies,* 60 Cal. 341; *Du Brutz v. Jessup,* 70 Cal. 75, 11 Pac. 498; 21 R. C. L., p. 493, sec. 57.)

"The complaint must not only state a complete cause of action against the defendant but it must also show a right of action in the plaintiff." (21 R. C. L., p. 482, sec. 46.)

"The defect in a complaint caused by a failure to state facts sufficient to constitute a cause of action is not cured by a verdict or judgment." (*Richards v. Insurance Co., supra; Buckman v. Hatch,* 139 Cal. 53, 72 Pac. 445; *Bell v. Thompson,* 147 Cal. 689, 82 Pac. 327.)

Publisher's Note.

See Corporations, 14 C. J., sec. 1055, p. 685, n. 26 New; sec. 1093, p. 713, n. 6.

The shares of stock in the corporation represented by the increase were illegally issued to the respondent, as they were treasury stock belonging to the corporation and no money was paid, property delivered or labor or services rendered therefor. "No corporation can issue stock or bonds except for labor done, services performed or money or property actually received; and fictitious increase of stock or indebtedness shall be void." (Const., art. 11, sec. 9.)

The jury should have been required to return a verdict upon the claim of the intervenor set up in its pleading and a new trial should have been granted as to the whole action, for a trial as to the omitted issues could not well be had without danger of complication with other matters. (20 R. C. L., p. 221, sec. 7; Ann. Cas. 1913B, p. 365, note.)

No written agreement on the part of appellants to pay the alleged debt of $3,000 to the Edmond State Bank was shown and evidence of any verbal agreement could not be received and such agreement could not be enforced. (C. S., sec. 7976.)

E. M. Wolfe and C. Wilkins, for Respondent, cite no authorities on points decided.

JOHNSON, Commissioner.—This action was commenced by plaintiff against the defendants to recover an alleged balance due on the purchase price of certain capital stock in the corporation intervenor. Plaintiff claimed that said purchase price was $13,000, of which the defendants had paid $11,000, leaving a balance due of $2,000. Intervenor set up title in it to said stock, and prayed for judgment against defendants for $15,000, and against plaintiff for $2,000. Verdict for plaintiff for $2,444.10. Defendants and intervenor appealed from the judgment and from an order denying a motion for a new trial.

[1] There is no conflict in the evidence that one Turner K. Hackman was employed by the plaintiff as his agent for the purpose of negotiating the sale of this stock. The sale was made by the said Hackman to the defendants. The de-

fendants had no direct communication with the plaintiff. Their dealings were entirely with the plaintiff's agent. The agent fixed the price. The agent received the purchase price from the defendants, and turned over to them the stock. He testified that the price he made in offering to sell the stock to the defendants was $10,000. He said that they never assumed or agreed to pay the $3,000. The defendants testified that all they agreed to pay was $10,000, and that they never assumed or agreed to pay the $3,000. The agreement as to the sale of the stock was not reduced to writing, and the entire transaction was oral. The authority of the agent was also verbal. There is no evidence to support the allegations of the complaint that the defendants assumed and agreed to pay the $3,000.

[2] There is evidence that the plaintiff borrowed $3,000 from the Edmond Bank, giving his note therefor, to purchase paper for the use and benefit of the Times Printing & Publishing Company. This indebtedness arose and the paper was purchased and a considerable portion of it used prior to the negotiations with these defendants. The individual defendants, prior to their purchase of the plaintiff's stock, had no connection whatever with such indebtedness. We are at a loss to understand how the defendant stockholders are now liable for this debt without proof of an agreement to pay it as a part of the consideration for the stock purchased from plaintiff.

There is evidence that supports the position that the plaintiff never released the corporation from its indebtedness to him on account of the advance by him to it of the said $3,000, and also evidence that at least some of the defendants knew of the corporation owing this amount to the plaintiff; but the plaintiff does not seek recovery from the corporation, and did not make the corporation a defendant.

The corporation was permitted to intervene, and sought to raise the question as to the validity of the stock sold by the plaintiff to the defendants, and also that if it be found, upon the trial of this action, any balance of the pur-

chase price is due or owing from the defendants to the plaintiff, that the corporation recover such amount. Having found that the evidence does not support the right of the plaintiff to recover any sum whatever from the defendants, it becomes unnecessary to pass upon this question.

In view of the conclusions reached by us, we feel it unnecessary to pass upon the other errors assigned.

We recommend that the judgment and order denying appellants' motion for a new trial be reversed, with costs to appellants.

Varian and Brinck, CC., concur.

The foregoing is approved as the opinion of the court, and the judgment and order denying appellants' motion for a new trial are reversed. Costs to appellants.

Wm. E. Lee, C. J., and Givens, Taylor and T. Bailey Lee, JJ., concur.

Petition for rehearing denied.