(No. 5190.   November 7, 1929.)

D. M. DENTON, Appellant, v. D. F. DETWEILER, ELMER AMAN, L. G. HILL, S. N. PITULLO, J. A. CROM, PETER ERICKSON, H. MURPHY and FRANK DeKLOTZ, Defendants; TIMES PRINTING & PUBLISHING COMPANY, LTD., a Corporation, Intervenor and Respondent.

[282 Pac. 82.]

Wolfe & Nielson, for Appellant.

Sweeley & Sweeley, for Respondent.

VARIAN, J.—Plaintiff brought an action against defendants upon a contract for the sale of certain capital stock of

Times Printing & Publishing Company, Limited, alleging that defendants, as part of the purchase price of said capital stock, assumed and agreed to repay plaintiff $3,000, borrowed by him to pay for a car of paper used by said Times Printing & Publishing Company, Limited, of which sum $2,000 was unpaid. Defendants answered plaintiff's second amended complaint, denying the material allegations thereof, and alleging that the stock sold them was not the property of plaintiff, was issued to him without consideration, and that said Times Printing & Publishing Company, Limited, was the owner thereof and claimed any balance due plaintiff from said contract of sale, and prayed that it be brought in as a party to the action. On motion of defendants the Times Printing & Publishing Company, Limited, was ordered to interplead, and filed an answer denying the allegations of the complaint, and by way of cross-complaint allegir $g$ that the stock sold by plaintiff was unlawfully issued, without consideration, and in effect that it was treasury stock belonging to intervenor, and demanded judgment against plaintiff for $15,000 damages as for conversion of the stock sold to defendants, and prayed it be adjudged any balance due plaintiff upon his contract with defendants. Plaintiff answered, denying the allegations of the said cross-complaint, and a trial resulted in a verdict for plaintiff for the full amount prayed for in the complaint. From a judgment entered on the verdict June 4, 1923, and order denying a motion for new trial, the defendants and intervenor appealed to this court, where the judgment and order were reversed. (*Denton v. Detweiler,* 44 Ida. 343, 256 Pac. 946.)

After the coming down of the *remittitur*, plaintiff, by leave of the court, on July 20, 1927, filed a cross-complaint against intervenor, Times Printing & Publishing Company, Limited, alleging the corporate existence of intervenor; that on or about April 1, 1920, he loaned it $3,000, used by it in paying for a car of paper; that intervenor has refused to make repayment thereof, except the sum of $1,000 paid on account of said loan May 10, 1920; and demanded judgment for $2,000 and interest. To this cross-complaint, the inter-

venor demurred, setting up the plea of the statute of limitations (C. S., secs. 6609, 6610, 6617). The demurrer was sustained with leave to amend. Plaintiff declined to amend, and prosecutes this appeal from a judgment dismissing his cross-complaint.

The only question presented is, Was the cause of action set up by the cross-complaint barred by either of the statutes of limitation interposed by the demurrer?

If we treat the filing of the so-called cross-complaint of plaintiff against the intervenor, Times Printing & Publishing Company, Limited, as an amendment of the original, or second amended complaint, we have then the setting up of a new cause of action based upon the separate promise of the intervenor to plaintiff. So far as appears from the said cross-complaint, the defendants have no connection therewith. Plaintiff loaned the Times Printing & Publishing Company, Limited, $3,000, of which $1,000 has been paid. On the other hand, in the original (second amended) complaint, plaintiff sued upon a contract with defendants for the purchase of corporate stock in intervenor corporation, part of the purchase price being the assumption of a debt incurred by plaintiff to obtain $3,000 to purchase paper for intervenor. We have, then, two different contracts between different parties.

While an amendment setting up no new cause of action or claim, and making no new demand, relates back to the filing of the original complaint, and the running of the statute of limitations is arrested at that point (37 C. J., p. 1068, sec. 507; 2 Wood. on Limitations, 4th ed., secs. 307(1), 307(2), p. 1525), if the amendment introduces a new or different cause of action and makes a new or different demand, the statute continues to run until the amendment is filed. (37 C. J., p. 1074, sec. 511; 2 Wood on Limitations, 4th ed., sec. 307(3), p. 1533.)

"Tests for determining the identity of causes of action have been announced in numerous cases. Four tests are laid down: (1) Would a recovery had upon the original bar a recovery under the amended pleading? (2) Would

the same evidence support both of the pleadings? (3) Is the measure of damages the same in each case? (4) Are the allegations of each subject to the same defenses?" (37 C. J., p. 1076, sec. 512. See, also, 20 Standard Ency. of Procedure, p. 348.)

Obviously, the case does not meet the second and fourth tests, and, as an amendment to plaintiff's cause of action, the cross-action is barred, more than seven years having elapsed since its accrual.

Again, the Times Printing & Publishing Company, Limited, was permitted to intervene in the original action because it claimed a right to the fund sought to be recovered by plaintiff, i. e., any balance found due plaintiff from defendants on account of the purchase price of capital stock sold to them; and, considering the cross-demand set forth in the plaintiff's cross-complaint as in the nature of a counterclaim under C. S., secs. 6695 and 6699, we will conclude whether the statutes pleaded apply.

It is well settled that a counterclaim is subject to the operation of statutes of limitation. (C. S., sec. 6695, par. 2; 17 R. C. L., p. 746, sec. 113; 2 Wood on Limitations, 4th ed., sec. 281, p. 1457; 37 C. J., p. 805, sec. 150; 16 Cal. Jur., p. 486, sec. 90; *Wonnacott v. County of Kootenai*, 32 Ida. 342, 182 Pac. 353.) And the general rule is that the defense of the statute of limitations is not available during the pendency of the action unless the claim was barred when the action was commenced. (17 R. C. L., p. 746, sec. 114; 24 R. C. L., p. 837, sec. 43; 2 Wood on Limitations, 4th ed., sec. 281, p. 1457; 37 C. J., p. 806; 16 Cal. Jur., p. 487, sec. 90; *Whittier v. Visscher*, 189 Cal. 450, 209 Pac. 23; *McDougald v. Hulet*, 132 Cal. 154, 64 Pac. 278; *Beecher v. Baldwin*, 55 Conn. 419, 3 Am. St. 57, 12 Atl. 401; *Dunham Lbr. Co. v. Holt*, 124 Ala. 181, 27 So. 556.)

Plaintiff's cross-complaint against intervenor makes no reference to the commencement of the action, or filing of the complaint in intervention, and fails to plead any facts tolling the running of the statute.

In passing on a demurrer, the court may consider only the pleading before it, and cannot refer to other pleadings in the cause to .determine when the action was commenced. (See 1 Sutherland on Code Pleading & Practice, sec. 323, p. 206; 6 Standard Ency. of Procedure, p. 981; 31 Cyc., p. 322; *Columbia Sav. & Loan Assn. v. Clause,* 13 Wyo. 166, 78 Pac. 708; *Chicago & Erie R. Co. v. Chaney,* 50 Ind. App. 106, 97 N. E. 181.)

A cross-demand must be pleaded as fully as an original cause of action; it must be sufficient in itself, without recourse to other pleadings, unless expressly referred to therein. (31 Cyc., p. 227; 21 Cal. Jur., p. 84, sec. 53; 1 Bancroft's Code Pleading, sec. 386; *Kreichbaum v. Melton,* 49 Cal. 50; *Coulthurst v. Coulthurst,* 58 Cal. 239; *Bullard v. Bullard,* 189 Cal. 502, 209 Pac. 361; *Mathews v. Sniggs,* 75 Okl. 108, 182 Pac. 703 (706); *Gary Hay & Grain Co. v. Carlson,* 79 Mont. 111, 255 Pac. 722 (729); *L. B. Menefee Lumber Co. v. MacDonald,* 122 Or. 579, 260 Pac. 444 (447); *Allen v. Douglass,* 29 Kan. 412; *Tee v. Noble,* 23 N. D. 225, 135 N. W. 769; *Conger v. Miller,* 104 Ind. 592, 4 N. E. 300; *Fletcher v. MacGinniss,* 168 App. Div. 225, 153 N. Y. Supp. 581.)

In this jurisdiction, the plea of the bar of the statute of limitations may be raised by demurrer where it clearly appears on the face of the complaint that the action did not accrue within the statutory time. (*Chemung Min. Co. v. Hanley,* 9 Ida. 786, 77 Pac. 226; *McLeod v. Rogers,* 28 Ida. 412, 154 Pac. 970; *Rogers v. Oregon-Washington R. & N. Co.,* 28 Ida. 609, 156 Pac. 98.)

It clearly appears from the cross-complaint that the statutes of limitation began to run against plaintiff's cross-demand as early as May, 1920, more than seven years before the filing of the cross-complaint, and is therefore barred by the statutes pleaded.

Judgment affirmed. Costs to respondent.

Budge, C. J., and Givens, T. Bailey Lee and Wm. E. Lee, JJ., concur.