## HOYT *vs.* BYRNES.

A tender, made to a *clerk* in the plaintiff's store, for goods purchased at such store, is equivalent to a tender to the principal himself—and is sufficient, though prior thereto, the claim had been lodged with an attorney for suit.

The clerk could also *waive* any objection to the validity of the tender, on the ground of its being in *bank bills* and not in specie.

Such waiver may be by *implication* as well as *express*.

THIS was *indebitatus assumpsit* on an account annexed to the writ to recover \$13 — eight of which was for goods sold and de-

livered, and five for "wasting paint." The action was originally brought before a Justice of the Peace, and went up to the Court of Common Pleas by appeal, and was there tried before *Whitman C. J.*

On trial, the plaintiff abandoned his charge of $5, and as to the residue the defendant pleaded a tender, and brought the money into Court.

It appeared in evidence that the defendant's agent tendered the sum of eight dollars, partly in specie, and partly in *current bank bills*, to one *Hamilton*, who was a *clerk* in the plaintiff's store, at that time, clothed with the usual powers of such an agent, and who also sold and delivered these goods to the defendant. But he refused to receive the amount tendered, saying that he had nothing to do with it — that the demand had been left with an attorney for suit — but making no objection on account of part of the money being in bank bills.

The presiding Judge ruled, that this evidence was insufficient to prove a tender, and a verdict was thereupon taken for the plaintiff. The defendant excepted to the ruling, and brought the case up to this Court by writ of error.

*Chase*, for the plaintiff.

1. There was no legal tender. Nothing is a lawful tender but gold and silver. *Hallowell & Augusta Bank* v. *Howard*, 13 *Mass.* 235. In the case of *Young* v. *Adams*, 6 *Mass.* 185, *Sewall J.* says, "Bank bills are only private contracts having no public sanction similar to that which gives operation to the lawful money of the country." They are not goods, effects and credits subject to trustee process. *Perry* v. *Coates & al.* 9 *Mass.* 537. And a note payable in *foreign bills* is not a note payable in *cash.* *Jones* v. *Fales*, 4 *Mass.* 245.

2. The tender was not to the plaintiff or his proper agent. The authority of the clerk to receive the money ceased when the demand was deposited with the attorney. And this was stated by the clerk as one of the reasons for declining to take the money.

3. The clerk could not waive the necessity of a tender of specie. A waiver amounts to a new contract, whereby a right not under the control of the clerk, and not within his general

powers, is given up. His refusal to receive the money puts the defendant upon the necessity of complying with the requisites of the law.

*Chandler,* and *J. Granger,* for the defendant, cited the following authorities: 3 *Stark. Ev.* 1393; 3 *Black. Com.* 304; *Wright* v. *Reed,* 3 *T. R.* 554; 1 *Sel. N. P.* 172, *n.* 5; 5 *Dow & Ry.* 289; *Cole* v. *Blake, Peake's Cas.* 179; 5 *Dane's Abr.* 499; 1 *Camp. Cas.* 447; 8 *T. Rep.* 629; *Shed* v. *Brett,* 1 *Pick.* 406; *Wilmot* v. *Smith,* 3 *Carr. & Payne,* 387.

MELLEN C. J. — The only question in this case is, whether the tender made in the original action, in the manner and under the circumstances particularly stated in the exceptions, was a good and sufficient one. *Three* objections have been urged against its validity and effect. In our consideration of them, we shall reduce them to *two,* and reverse the order in which they have been presented.

The first inquiry is, whether the tender was made to a proper person. *Hamilton,* to whom it was made, at the time, and for many months before, had been a clerk in *Hoyt's* store, during which period he was clothed with the usual authority of such an agent. He was empowered to sell the goods of his employer and receive payment for them. According to undisputed principles and general practice, a payment to *Hamilton* of the sum in question would have been good, and a complete bar to any subsequent action against *Byrnes* for the amount. Viewing the question, without reference to any legal decisions, if a *payment* to *Hamilton* would have been an effectual one, for the same reason a tender to him must be good, if properly made: for it is a settled doctrine that a tender and refusal of a sum of money give the debtor the same rights and the same defence, as payment, until a new demand shall have been made. This principle is in accordance with sound common sense and the plain dictates of justice. But we need not rely on our own reasoning; there are many authorities on the subject. "A tender to a person authorised by the creditor to receive money for him, is sufficient." *Roscoe on Evidence,* 262. He cites *Goodland* v. *Blewett,* 1 *Camp.* 477. "Wherever *payment* to an agent would be sufficient,

where he is authorised to receive it, a *tender* to him has the same effect as a tender to the principal." *Payley on Agency*, 219. He cites the above case of *Goodland* v. *Blewett*, and *Maffat* v. *Parsons*, 1 *Marsh*, 55; same case, 5 *Taunt*. 307; 3 *Stark. Ev.* 1394. It has been contended, that as the account against *Byrnes* had been placed in the hands of an attorney, for collection, though no suit had been commenced at the time of the tender, the power to receive payment was thereby revoked; and of course, as *Hamilton* was not authorised to receive payment, a tender to him could not avail the plaintiff in error. In the above case of *Maffat* v. *Parsons*, it was decided that where a clerk, who was in the ordinary habit of receiving money for his master, was directed by him not to receive the sum in question, because he had put the demand into the hands of an attorney, and the clerk, on tender made, refused to receive the money, assigning the reason, it was held to be a good tender to the principal. See also, *Hubbard* v. *Chinny*, 8 *Cowan*, 88; *Briggs* v. *Calverly*, 8 *T. R.* 129. A clerk, being a person to whom a legal tender may be made, he must, from the nature of his employment and the general powers he possesses as to the performance of the business entrusted to his care, have a discretionary authority to receive current bills of a bank in *payment*, as well as gold and silver; for the same reason he could consent that a *tender* should be made in such bills, if he thought proper; and if he could assent *expressly* to such a tender in bills, he could assent by *implication*, and by his conduct or declarations *waive* an objection to a tender, merely on account of its being made in bank bills, as well as the principal himself. In the case before us, the clerk made no objections to the tender, being partly in bank bills, but merely because, as he said, he had nothing to do with it. It is not contended that the bank notes in the present case were a legal tender, had they been objected to; but when no objection has been made to a tender on that account, it has been held to be waived and the tender has been held good and sufficient: per *Buller J.* in *Wright* v. *Read*, 3 *T. R.* 554; *Brown* v. *Saul*, 4 *Esp. R.* 267; *Lockyer* v. *Jones, Peake* 180; *Roscoe Ev.* 263; *Brown* v. *Dysinger*, 1 *Jacob* 408. Many other cases might be cited, shewing that where an objection to a tender has been made

on a *particular, specified* ground, having no connection with the legal formalities of a tender, it amounts to a waiver of objection on account of such informalities.    As to the second objection we are clearly of opinion that in the present case, *Hamilton* was authorised to receive payment and give a discharge, had he inclined so to do ; and that consequently, he was a person to whom the tender might be legally made ; that he was, from his situation and employment, authorised to waive objections to the tender on account of the bills, and place his refusal on other grounds ; and that under the circumstances of the case, the tender was legal and sufficient.

*Judgment reversed.*