(March 14, 1923.)

BOISE LUMBER COMPANY, a Corporation, Respondent, v. INDEPENDENT SCHOOL DISTRICT OF BOISE CITY, IDAHO, a Corporation, and Y. H. ABERCROMBIE, Appellants.

[214 Pac. 143.]

TENDER—SUFFICIENCY OF—TENDER TO AGENT—ATTORNEYS' FEES—COSTS OF SUIT—MECHANIC'S LIEN — EXTINGUISHED BY TENDER PRIOR TO FILING.

1. A tender made, prior to the filing of an action, by a debtor to his creditor, of the actual amount subsequently found due by the court, where the amount of the debt is in dispute, is a sufficient tender.

2. A tender of the amount due upon a claim for which a mechanic's lien may be filed, if made prior to the filing of the lien, extinguishes the lien.

3. *Held,* under the provisions of C. S., sec. 7215, plaintiff cannot recover costs but must pay costs to defendant where a sufficient tender has been made prior to the commencement of the action.

4. Under the facts of this case, *held* that the tender was sufficient in amount and tender made to plaintiff's bookkeeper was equivalent to tender to plaintiff itself.

Publisher's Note.

1. Effect on judgment of tender of amount due, see note in **Ann. Cas.** 1916C, 536.

2. Mechanic's lien as discharged by tender of amount due, see note in **Ann. Cas.** 1912B, 932.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Raymond L. Givens, Judge.

Action to foreclose mechanic's lien. Judgment for plaintiff. *Remanded* with instructions to modify.

J. C. Johnston, for Appellants.

"All objections to the mode of an offer of performance, which the creditor has an opportunity to state at the time to the person making the offer, and which could then be obviated by him, are waived by the creditor, if not then stated." (C. S., sec. 5672; *Smith v. Old Dominion Building & Loan Assn.,* 119 N. C. 257, 26 S. E. 40; *Johnson v. Garlichs,* 63 Mo. App. 578; *Rudolph v. Wagner,* 36 Ala. 698; *Wesling v. Noonan,* 31 Miss. 599; *Root v. Johnson,* 99 Ala. 90, 10 So. 293; *Sheller v. Livingston,* 25 Cal. App. 572, 144 Pac. 547.)

The court erred in finding that the plaintiff was entitled to any claim or lien against the school building, and that the alleged lien of the plaintiff was not discharged and released by the offer and tender of the full amount due the plaintiff before any lien was filed by the said plaintiff and long before the action was brought. (C. S., sec. 6352; *Hannah v. Vensel,* 19 Ida. 796, 116 Pac. 115; *Kofoed v. Gordon,* 122 Cal. 314, 54 Pac. 1115.)

"Tender and refusal are equivalent to performance in discharging all collateral and accessorial liens and rights." (*Leet v. Armbuster,* 143 Cal. 663, 77 Pac. 653.)

"Tender is not required to be kept good for purpose of action. It is tender itself and its refusal which instantaneously works discharge of purchaser's lien and divestiture of his title." (*Kelly v. Clark,* 23 Ida. 1, Ann. Cas. 1914C, 665, 129 Pac. 921; *Haile v. Smith,* 113 Cal. 656, 45 Pac. 872; *Hearshey v. Dennis,* 53 Cal. 77; *Phillips v. Hagart,* 113 Cal. 552, 54 Am. St. 369, 45 Pac. 843; 3 Kerr's Code Civ. Proc., sec. 704, p. 1193; C. S. 6935; *Schayer v. Commonwealth Loan Co.,* 163 Mass. 322, 39 N. E. 1110.)

Hawley & Hawley, for Respondent.

A finding of fact made by the trial judge, who has had the benefit of observing the demeanor of witnesses upon the stand and of listening to their testimony, will not be disturbed by the appellate court if there is evidence to support such finding. (*Ainslee v. Idaho World Printing Co.*, 1 Ida. 641; *Roby v. Roby*, 10 Ida. 139, 77 Pac. 213; *Brinton v. Steele*, 23 Ida. 615, 131 Pac. 662; *Hayton v. Clemans*, 30 Ida. 25, 165 Pac. 994; *Fleming v. Benson*, 32 Ida. 103, 178 Pac. 482; *Black v. Black*, 33 Ida. 226, 191 Pac. 353; *Fruitland State Bank v. Lauer*, 34 Ida. 272, 200 Pac. 127; *Davenport v. Burke*, 30 Ida. 599, 167 Pac. 481; *Neil v. Hyde*, 32 Ida. 576, 186 Pac. 710; *Fritcher v. Kelley*, 34 Ida. 468, 201 Pac. 1037; 26 R. C. L. 639; 38 Cyc. 137.)

Costs of suit are allowed to the plaintiff in the event he secures a judgment against defendant for an amount in excess of $100. (C. S., secs. 7207, 7215.)

In the absence of a showing to the contrary the appellate court will presume in favor of the ruling of the trial court. (4 C. J. 747; *Watt v. Decker*, 16 Ida. 184, 101 Pac. 253; *Kellogg v. Kellogg*, 170 Cal. 84, 148 Pac. 518; *Costa v. Raza*, 23 Cal. App. 754, 139 Pac. 899; *Wagner v. United Railroads, etc.*, 19 Cal. App. 396, 126 Pac. 186.)

BUDGE, C. J.—This action was brought by respondent to recover from appellants the reasonable value of lumber alleged to have been delivered between May 21, 1919, and June 10, 1919, to appellant Abercrombie, and to foreclose a mechanic's lien upon a school building of appellant school district, in the construction of which the lumber was used, together with interest, costs of filing the lien, attorneys' fees and costs of suit. To the complaint an answer, cross-complaint and counterclaim were filed. Appellants, by their answer, deny that they agreed to pay a reasonable value for the lumber but affirmatively allege that the same was delivered in pursuance of a special contract wherein and whereby the price to be paid was $30 per thousand feet, and further, that in accordance with said

special contract respondent delivered to appellant, Abercrombie, 26,978 feet of lumber. Appellants also allege that prior to the filing of the lien which is sought to be foreclosed, appellant Abercrombie tendered to respondents a sum equal to $30 per thousand feet for the lumber so delivered. All of the allegations of the cross-complaint were specifically denied by respondent.

The cause was tried to the court and judgment rendered in favor of respondent for $809.35, attorneys' fees and costs of suit and decreeing foreclosure of the lien. This appeal is from the judgment.

Appellants make seven assignments of error. We think, however, that there are but two errors assigned that require consideration in disposing of this appeal.

The first assignment of error involves the action of the trial court in finding that there was due to respondent the sum of $809.35. There is no merit in this assignment in view of the fact that appellants allege in their answer that respondent delivered 26,978 feet of lumber, which, at the rate of $30 per thousand feet, alleged by them to be the contract price, amounts to $809.35, the exact amount found due by the court and for which judgment was rendered and also the amount admitted to be due by their tender.

It is next contended by appellant that the court erred in its second finding wherein it found that appellant Abercrombie made no tender or offer of payment to respondent prior to January 12, 1921, for the lumber delivered, and that the money deposited in court by appellant Abercrombie on January 12, 1921, was not sufficient to relieve appellants from the payment of the costs of the action and attorneys' fees. The record shows without contradiction that, prior to the filing of the lien on August 9, 1919, appellant Abercrombie called at the place of business of respondent where he met its bookkeeper and then and there offered to write his check for the value of the lumber, subsequently found by the court to have been delivered, at the rate of $30 per thousand feet, which amounted to $809.35, and which amount appellant Abercrombie thereafter paid into court.

The tender was refused by respondent's bookkeeper for the reason that it did not equal the amount charged upon respondent's books. No objection was made to the character of the tender, which being true, a tender by check was sufficient. In the case of *Smith v. Old Dominion Building & Loan Assn.*, 119 N. C. 257, 26 S. E. 40, it was held that, where a debtor said to the agent of his creditor that he had money in bank, in the same building where they met, sufficient to pay the debt (and such statement was true), and that he was ready and willing to pay the debt, but did not actually produce and offer the money, because the agent refused to receive it, on the ground that he had no authority to accept the sum tendered claiming it to be less than the creditor's debt, such offer was a tender, and the actual production of the money was rendered unnecessary by the agent's positive and unconditional refusal to accept it.

See, also, to the same effect, *Slesinger v. Bresler*, 110 Mich. 198, 68 N. W. 128; *Hirsh v. Ogden Furniture & Carpet Co.*, 48 Utah, 434, 160 Pac. 283.

It is insisted by respondent that the tender, if made, was not made to the proper person. With this contention we are not in accord. It was held in the case of *Hoyt v. Byrnes*, 11 Me. 475, that "A tender, made to a clerk in the plaintiff's store, for goods purchased at such store, is equivalent to a tender to the principal himself."

See, also, to the same effect: *Slesinger v. Bresler, supra; Hirsh v. Ogden Furniture & Carpet Co., supra;* Roscoe on Evidence, 262; 38 Cyc. 157.

It is next contended by respondent that the amount of the tender was insufficient. It was said in the case of *Kelley v. Clark*, 23 Ida. 1, Ann. Cas. 1914C, 665, 129 Pac. 921: "Tender is the unconditional offer of a debtor to the creditor of the amount of his debt. This means the real amount of the debt as fixed by the law, and the purpose of the law of tender is to enable the debtor to relieve himself of interest and costs and to relieve his property of encumbrance by offering his creditor all that he has any right to

claim. This does not mean that the debtor must offer an amount beyond reasonable dispute, but it means the amount due—actually due."

In the instant case, the court found the amount *actually due* to be the sum of $809.35, which was the exact amount tendered by appellant Abercrombie to respondent, which was a sufficient tender. This being true, under the provisions of C. S., sec. 7215, costs were not recoverable by respondent. When the tender of the full amount was made and refused the lien became extinguished. In the case of *Pittsburgh Plate Glass Co. v. Leary*, 25 S. D. 256, Ann. Cas. 1912B, 928, 126 N. W. 271, 31 L. R. A., N. S., 746, it was held that: "A tender of the amount due upon a claim for which a mechanic's lien has been filed, stops the running of interest and extinguishes the lien," and in that case the court said:

"We are fully satisfied that a proper tender would also destroy the lien held by the plaintiff, and would leave plaintiff with no remedy whatever, except by virtue of his personal claim against the contractors. (*Moynahan v. Moore*, 9 Mich. 9, 77 Am. Dec. 468 (see notes, p. 489); *Loughborough v. McNevin*, 74 Cal. 250, 5 Am. St. 435, 14 Pac. 369, 15 Pac. 773; *Moore v. Norman*, 43 Minn. 428, 19 Am. St. 247, 45 N. W. 859, 9 L. R. A. 55; *Norton v. Baxter*, 41 Minn, 146, 16 Am. St. 679, 42 N. W. 865, 4 L. R. A. 305; *Haile v. Smith*, 113 Cal. 656, 45 Pac. 872; *Kortright v. Cady*, 21 N. Y. 343, 78 Am. Dec. 145; *Hyams v. Bamberger*, 10 Utah, 3, 36 Pac. 202.) . . . . In the Utah case, *supra*, the court, in holding that the tender destroys the lien, says: 'This appears to be the settled law, and the rule seems to be founded in justice and fair dealing, for it would be difficult to conceive of any good reason why the creditor should be allowed to refuse payment of the money when tendered in good faith after maturity, and yet retain the pledge or a lien upon it, for the debt. · The mere caprice of the creditor might result most disastrously to the debtor through his inability to free his property from the debt. Nor would the slow process of a bill in equity afford an

adequate remedy, for, on a bill to redeem, interest and costs would accumulate unless the debtor kept good the tender, in which event he would be deprived both of the use of his money and property until the end of the suit. On the other hand, the creditor who refuses payment when lawfully tendered reaps amply the reward of his own folly. His lien is gone, but the debt remains, for which he has right of action against the debtor.' ''

Therefore, there could be no foreclosure. We have reached the conclusion that the second finding of the trial court is not supported by but is contrary to the evidence.

From what has been said it follows that the cause must be remanded, with instructions to the trial court to modify the judgment by striking out the costs and attorneys' fees awarded to respondent and awarding costs to appellants and when so modified the judgment will be affirmed. Costs are awarded to appellants.

Dunn and Wm. E. Lee, JJ., concur.