(May 16, 1923.)

H. W. JOHNS-MANVILLE CO., a Corporation, Appellant, v. O. W. ALLEN, NAMPA DEPARTMENT STORE and AMERICAN SURETY CO., Respondents.

[215 Pac. 840.]

GARNISHMENT—BUILDING CONTRACTS—SUBROGATION—MECHANICS' LIENS —ESTOPPEL.

1. In order that a creditor may maintain a garnishment proceeding there must be a subsisting right of action at law by the defendant in his own right against the garnishee, and a garnishee cannot be held liable, unless it be shown that he is indebted to the defendant at the time of the commencement of the garnishment proceedings.

2. Where the owner reserves the right in a building contract to retain certain percentages of the payments to be made to the contractor, the surety on the contractor's bond, given for the faithful performance of the contract, becomes subrogated to the rights of the owner in such reserved percentages, and is entitled thereto on default of the contractor as against a creditor of the

contractor who seeks to subject such reserved moneys to garnishment.

3. Where the claimant of a lien for furnishing roofing materials and work thereon ceased to furnish work and materials on January 28, 1920, and the building was substantially completed on April 22, 1920, except for the instalation of the plate glass in one-half of the show-window which was temporarily inclosed by double strength glass, and the building was thereafter occupied on May 1st and the plate glass installed on September 8th, a claim for lien filed on November 6, 1920, was not filed within the time prescribed by C. S., sec. 7346, providing that the claimant must "within 60 days after the completion of any building . . . . or in case he ceases to labor thereon before completion, then after he so ceases to labor . . . . or after he has ceased to furnish materials therefor . . . . file for record . . . . a claim."

4. When one who has furnished labor and materials in the erection of a building brings an action on a protested check given by the contractor in payment for such work and materials, and makes an affidavit for attachment stating that he has no lien and in the attachment proceeding makes answer to the garnishee's answer, admitting that he has permitted his lien rights to expire, and the garnishee thereafter pays out moneys in its hands which it might have retained to satisfy plaintiff's lien claim, if it had been asserted, the lien claimant is estopped to thereafter claim a lien against the building owned by the garnishee.

APPEAL from the District Court of the Seventh Judicial District of the State of Idaho, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action on check. From a judgment in favor of garnishee and denying plaintiff's right to mechanic's lien, plaintiff appeals. *Affirmed.*

Paul Pizey, for Appellant.

From the fact that the garnishee was under no obligation under its contract to protect lienholders other than to notify the bonding company, it would seem as though the attaching creditor should succeed. (*Balliet v. Scott*, 32 Wis. 174; *Joslyn v. Merrow*, 25 Vt. 185; *Schotts v. Bell*, 18 Pa. Co. Ct. 427.)

Acceptance and occupation of building cannot be regarded as equivalent to or conclusive evidence of completion. (*Jones v. Kruse,* 138 Cal. 613, 72 Pac. 146.)

Under the facts in this case the lien should be upheld, if possible, under any proper interpretation of the law. (*Curtis v. Sestanovich,* 26 Or. 107, 37 Pac. 67; *Fitch v. Howitt,* 32 Or. 396, 52 Pac. 192; *Ainslie v. Kohn,* 16 Or. 363, 19 Pac. 97.)

Chas. M. Kahn and Richards & Haga, for Respondent.

The surety company was subrogated to the money retained by the Nampa Department Store, and that money could not be reached by garnishee process based on a debt of O. W. Allen. (25 R. C. L. 1316; *Wilson v. Wilson,* 6 Ida. 597, 57 Pac. 708; *In re Bank of Nampa, Ltd.,* 29 Ida. 166, 157 Pac. 1117; *Prairie State Nat. Bank v. United States,* 164 U. S. 227, 17 Sup. Ct. 142, 41 L. ed. 412; *Belknap Hardware & Mfg. Co. v. Ohio River C. Co.,* 271 Fed. 144; *Globe Indemnity Co. v. Unity Ry. Co.,* 272 Fed. 607.)

"It is a well-settled rule of law that the garnishee is not chargeable unless the defendant could recover of him what the plaintiff seeks to secure by garnishment." (*Hallowell v. Leafgreen,* 3 Colo. App. 22, 32 Pac. 79; *Hassie v. God Is With Us Congregation,* 35 Cal. 378; *Early v. Redwood City,* 57 Cal. 193; *Scheuerman v. Mathison,* 74 Or. 40, 144 Pac. 1177; *Aigeltinger Co. v. Healy-Tibbitts Const. Co.,* 23 Cal. App. 608, 139 Pac. 436.)

A mechanic's lien filed nearly ten months after the lien claimant ceases to labor or furnish material in the construction of a building is void. (*Valley Lumber Co. v. Nickerson,* 13 Ida. 682, 92 Pac. 24.)

Appellant cannot have relief both by attachment and under the mechanic's lien laws, for when appellant elected to proceed under the attachment laws, it waived its right to a mechanic's lien, if any it had. (20 C. J. 38; 1 Jones on Liens, sec. 849.)

FLYNN, Commissioner.—The questions involved in this action are: The right of appellant to recover from the Nampa Department Store, as garnishee of respondent, Allen; and, if the garnishment be not upheld, the right of appellant to a mechanic's lien for materials furnished in the construction of a building for the Nampa Department Store. The American Surety Company, as surety for Allen, the contractor, claims that under its contract of suretyship it became subrogated to the rights of the department store, and that whatever moneys remained due to Allen on the building contract were held for the surety company, on his default.

The facts were stipulated in the trial court. Respondent Allen contracted with the Nampa Department Store to erect a building for $18,579, payable in monthly instalments on estimates by the architect, the owner retaining fifteen per cent of the amount estimated each month until substantial completion of the work, when ninety per cent of the contract price was to be paid, and fifteen days thereafter the owner was to pay the full balance due under the contract. The American Surety Company gave a bond for the faithful performance of the contract by Allen. The bond provides that notice of default shall be given to the surety within a specified time and that the surety shall have the right within thirty days thereafter to proceed with the performance of the contract; that it shall be subrogated to the rights of the principal and that any moneys due to the principal at the time of his default or that thereafter shall become due under said contract, shall be credited on the claim which the Nampa Department Store may then or thereafter have against the surety, and the surplus, if any, applied as the surety may direct.

Between January 5, 1920, and January 28, 1920, appellant furnished roofing materials and labor for said building to the amount of $602.65. On March 27, 1920, one day before appellant's lien right expired, figuring from the last day upon which labor was performed and material furnished, Allen gave appellant a check for this amount. The check

was protested for nonpayment and this action was brought on said check, it being stipulated that the court might also determine the validity of the lien claim subsequently filed, which will be discussed later in this opinion. To the garnishment process served on it in this action, the Nampa Department Store made answer on June 21, 1920, claiming that it had on hand $3,700 due to Allen, but that liens in excess of said amount had been filed against the building and that, under the terms and conditions of its bond the American Surety Company was subrogated to any right, title or interest of Allen in said $3,700 and that therefore it was not indebted to Allen so as to be subject to garnishment.

The surety bond in question, in addition to the provisions thereof heretofore stated, provides that the obligee (Nampa Department Store) *"shall also retain that proportion, if any, which such contract specifies the obligee shall or may retain of the value of all work performed or materials furnished in the prosecution of such contract (not less than, however, in any event ten percentum of such value), until the complete performance by the principal of all the terms, covenants and conditions of said contract on the principal's part to be performed."*

Appellant contends that on substantial completion of the building the contractor was entitled to draw the entire amount due under the contract less ten per cent, or $1,857.90, which might be retained by the owner until it was fully completed, and that any amount above this 10 per cent was subject to garnishment.

It is admitted that at the time of the service of garnishment process liens in excess of $3,700 were filed against the building of the Nampa Department Store and that such liens were thereafter paid under direction of the surety company. Allen could not have maintained an action against the Nampa Department Store for the amount retained by it under the building contract, since it was his duty under his building contract to see that all the materials and labor were paid for before he could collect the contract price of the

building. Therefore, appellant could not subject this sum to garnishment. The rule is that in order that a creditor may maintain a garnishment proceeding there must be a subsisting right of action at law by the defendant in his own right against the garnishee, and a garnishee cannot be held liable, unless it be shown that he is indebted to the defendant at the time of the commencement of the garnishment proceedings. (*Scheuerman v. Mathison*, 74 Or. 40, 144 Pac. 1177; *Aigeltinger Co. v. Healy-Tibbitts Const. Co.*, 23 Cal. App. 608, 139 Pac. 436, 438; *Hallowell v. Leafgreen*, 3 Colo. App. 22, 32 Pac. 79; Drake on Attachment, 7th ed., sec. 458.)

Under the building contract, the department store reserved the right to retain certain percentages of the payments to be made on the contract price. The retention of such percentages is manifestly for the security of the owner of the building and a valuable right. Under the express terms of the bond, the obligee is required to retain the amounts specified in the building contract and the surety is "subrogated to all the rights of the principal." Subrogation is a consequence which equity jurisprudence attaches to certain conditions, and while the right is not the direct legal effect of a contract, yet parties may by express contract accomplish the same result. (25 R. C. L., sec. 5, pp. 1316, 1317.) The right of a surety to subrogation under a contract providing therefor has heretofore been decided by this court in a case wherein the theory and various definitions of subrogation are discussed. (*In re Bank of Nampa, Ltd.*, 29 Ida. 166, 175, 157 Pac. 1117.)

In California, it is held to be the well-settled law that retained percentages on construction contracts are not subject to garnishment. (*Aigeltinger v. Healy-Tibbitts Const. Co.*, *supra.*) In *Globe Indemnity Co. v. Unity Ry. Co.*, 272 Fed. 607, 609, the court says:

"In a contract for building operations or the construction of a roadbed, such as was embraced in the contract under consideration, the surety on a contractor's bond has an equity in the reserved percentages, and has the right to ex-

pect and demand that no payments will be made contrary
to the terms of the contract.   Payments out of the reserved
percentages diminish the security of the surety by decreas-
ing the fund to which it has a right to look.''

We conclude that the surety company was subrogated to
the rights of the department store as against Allen and that
as the department store had the right to retain the $3,700
sought to be garnished until payment of the labor and mate-
rials furnished for the building, which admittedly were not
paid for by Allen, said amount or any part thereof was not
subject to garnishment by the plaintiff and the judgment of
the trial court so holding was correct.   Other cases support-
ing this conclusion are *Belknap Hardware & Mfg. Co. v.
Ohio River C. Co.,* 271 Fed. 144; *Globe Indemnity Co. v.
United Ry. Co., supra.*

As to appellant's lien, the facts were stipulated and the
trial court found in accordance therewith that appellant
ceased to furnish materials and labor on January 28, 1920.
The building was substantially completed on April 22,
1920, ''except for the instalation of the plate glass in one-
half of the show-window, which was temporarily inclosed by
double strength glass.   Said building was occupied by the
Christensen Hardware Company on or about May 1, 1920,
said plate glass being fully installed on September 8, 1920.''
Appellant filed its lien claim on November 6, 1920.

C. S., section 7346, requires that the claimant ''. . . .
must within 60 days after the completion of any building
. . . . or in case he cease to labor thereon before the com-
pletion thereof, then after he so ceases to labor or after he
has ceased to labor thereon for any cause, or after he has
ceased to furnish materials therefor . . . . file for record
. . . . a claim . . . . ''

We think that the instalation of the plate glass in Septem-
ber, 1920, especially in view of the fact that plaintiff's
claim was in no way related to the plate glass work, did not
extend his time to file his lien claim, and that even though
he were entitled to a period of 60 days after April 22, 1920,

in which to file his lien, a doubtful right under the statute, his lien claim was filed too late. *In Valley Lumber Co. v. Nickerson,* 13 Ida. 682, 92 Pac. 24, this court said: "The question of trivial work or a slight change or improvement by the contractor not being sufficient to extend the time for filing a lien, does not require our consideration in this case. Here the claimant has failed to establish the essential fact that it filed the lien 'within sixty days after . . . . it ceased to furnish material.' "

In applying for a writ of attachment, plaintiff made the usual affidavit, stating among other requisites that its indebtedness was not secured by any lien on real property. In its answer to the answer of the garnishee it stated *"that plaintiff's right to file a lien against the property involved in the contract herein mentioned expired on the twenty-eighth day of March, 1920,* one day after the giving of said check by the defendant to the agent of the plaintiff, and because of the giving of said check, *the plaintiff permitted his lien rights to expire."*

Subsequent to the filing of this answer of appellant, the Nampa Department Store paid out the money remaining in its hands to the other lien claimants. Manifestly, it would have been entitled to retain sufficient of this fund to pay appellant's proportion thereof, if appellant still relied on its lien, and it was justified in acting on plaintiff's statement that its lien rights had expired. We are of the opinion that plaintiff is estopped under the circumstances to set up its lien claim, if any it had, against the respondents.

"An election once made between coexisting remedial rights which are inconsistent is not only irrevocable and cannot be withdrawn without due consent, even though it has not been acted upon by another to his detriment, but it is also conclusive and constitutes an absolute bar to any action, suit, or proceeding based upon a remedial right inconsistent with that asserted by the election." (20 C. J. 38.)

The judgment of the trial court that appellant do not recover from the Nampa Department Store by reason of its

writ of attachment and that it has no lien against the property on its purported claim of lien should be affirmed.

McCarthy, Dunn and William A. Lee, JJ., concur.

PER CURIAM.—For the reasons stated in the foregoing opinion the judgment is affirmed, with costs to respondents.