245 P.2d 773

**EVERSON v. ATLAS TIE CO.**

No. 7796.

Supreme Court of Idaho.

June 19, 1952.

McNaughton & Sanderson, Coeur d'Alene, for appellant.

Harold S. Purdy and Robert V. Glasby, Coeur d'Alene, for respondent.

PORTER, Justice.

The complaint in this action was filed in Kootenai County on March 2, 1944. The answer was filed July 15, 1944. The case was tried on March 27, 1951, before the court sitting without a jury. Findings of Fact, Conclusions of Law and Judgment in favor of defendant were filed March 29, 1951. From such judgment appellant has appealed to this court. No explanation appears in the transcript for the delay in bringing this case to trial.

It is alleged in the complaint and admitted in the answer that between the 1st day of January, 1943, and the 8th day of September, 1943, one Monroe McLean sold and delivered to the defendant a quantity of logs; that said logs were in several lots and of different agreed prices; that the total value of such logs was $900.88; and that said Monroe McLean received cash ad-

vances and credits for said logs in the sum of $638.76. The complaint further alleges that the balance of said account in the sum of $262.12 has never been paid; that the delivery of said logs was completed on or about the 26th day of August, 1943, and on said date said balance became and is still due; and that said account and particularly the said sum of $262.12 has been duly assigned to the plaintiff.

In his answer, respondent affirmatively alleges that the said sum of $262.12 was paid into the Justice Court, St. Maries Precinct, Benewah County, in obedience to a garnishment proceedings issued out of such court.

The record discloses that on May 7, 1941, the Loggers Supply Company, as plaintiff, filed a complaint against Monroe McLean, as defendant, in the above-mentioned justice court upon an open account for the sum of $280.83. The record further shows that a demurrer was filed by such defendant; and a purported writ of attachment issued. It does not disclose that the cause was ever tried or a judgment entered therein. Notice of garnishment in said action was served upon respondent on July 13, 1943, and respondent, on September 14, 1943, paid into said justice court the sum of $262.12.

The record also shows that on July 14, 1943, Monroe McLean assigned all sums due or to become due him from the Atlas Tie Company to the First Bank of St. Maries to secure a loan of $150. That respondent was informed of such assignment and immediately advised the bank of the garnishment proceedings. That thereafter, on September 16, 1943, and October 8, 1943, respondent paid the $150 due the First Bank of St. Maries from Monroe McLean.

On December 7, 1943, the First Bank of St. Maries assigned to appellant its assignment from Monroe McLean dated July 14, 1943. On the same day, Monroe McLean assigned to appellant all monies due or owing by the Atlas Tie Company to him and "particularly an account for logs on which there is a balance unpaid of $262.12."

Under his assignments of error, appellant contends that at the time of the service of notice of garnishment on July 13, 1943, the said sum of $262.12 was not due and owing by respondent to Monroe McLean and therefore not subject to garnishment. Plaintiff's Exhibit No. 1 is a written stipulation between the parties that the statement of account attached to the stipulation "is a true and accurate statement of moneys earned by McLean on account of his logging contract with Atlas Tie Company showing all moneys earned by him and all payments made and persons to whom made by the defendant and the names of recipients thereof for use by the

court in determining the issues involved in the above-entitled action between the plaintiff and defendant." Such statement of account is as follows:

"M. McClean

"In Account With

Atlas Tie Company

"1943

| | | | | | | |
|---|---|---|---|---|---|---|
| July | 16 | Balance last Statement | | 393.48 | | |
| | 31 | 45 FT | 4,020'@14.50 | | | 58.29 |
| | | 70 WF | 8,510'  14.00 | | | 119.14 |
| | | 6 WP | 260'  22.00 | | | 5.72 |
| | | 121 | 12,790 | | | |
| | | Brush 65¢ | | | 8.31 | |
| Aug | 26 | 266 FT | 20,480'  15.00 | | | 307.20 |
| | | Brush 65¢ | | | 13.31 | |
| | | Shippey | 17260' @  5.00 | | 86.30 | |
| Sept. | 8 | 241 FT | 25,990'  15.00 | | | 389.85 |
| | | 16 WP | 940'  22.00 | | | 20.68 |
| | | 257 | 26,930' | | | |
| | | Brush 65¢ | | | 17.50 | |
| | | W. M. Cullen, J. P. | | | 262.12 | |
| | | 1st Bank of St. Maries | | | 119.86 | |
| | | | | | 900.88 | 900.88" |

This statement of account shows that none of McLean's credits making up the $900.88 total was in existence at the time of the service of notice of garnishment on July 13, 1943. The first credit for logs delivered is dated July 31, 1943. It further appears that on July 16, 1943, McLean was indebted to respondent for $393.48 per "Balance last Statement"; and that McLean did not have sufficient credits to offset the same until August 26, 1943.

Section 8–508, I.C., provides as follows:

"All persons having in their possession or under their control, any credits or other personal property belonging to the defendant, *at the time of service upon them of a copy of the writ and notice,* as provided in the last two sections, shall be, unless such property be delivered up or transferred, or such debts be paid to the sheriff, liable to the plaintiff for the amount of such credits, property, or debts, until the attachment be discharged or any judg-

ment recovered by him be satisfied." (Emphasis supplied.)

Under this statute only those debts owing at the time of service of the notice of garnishment are subject to garnishment. Debts arising by reason of subsequent transactions between the garnishee and his creditor are not bound by the garnishment proceedings. H. W. Johns-Manville Co. v. Allen, 37 Idaho 153, 215 P. 840; In re Bennett's Estate, 13 Cal.2d 354, 90 P.2d 84, 126 A.L.R. 771; Riley v. Riley, 184 Okl. 473, 88 P.2d 358; Green v. Green, 108 Colo. 10, 113 P.2d 427; 38 C.J.S., Garnishment, § 175 b, page 391; 5 Am.Jur., Attachment and Garnishment, Sec. 669, p. 19.

■ The $262.12 in question was not owed by respondent to Monroe McLean at the time of service of notice of garnishment. Although such sum later became due and owing, it was not bound by the garnishment. Respondent was not liable as garnishee for such sum and was without right to pay the same to the justice court. Such payment constitutes no defense to appellant's cause of action in this case. 5 Am.Jur., Attachment and Garnishment, Sec. 809, p. 83; 38 C.J.S., Garnishment, § 294 e, page 584.

The foregoing determination is decisive of this case and makes it unnecessary to discuss the other questions raised under the assignments of error. The judgment of the trial court is reversed and the cause remanded with direction to vacate the judgment for respondent and to enter judgment for appellant. Costs awarded to appellant.

GIVENS, C. J., TAYLOR and THOMAS, JJ., and SUTTON, D. J., concur.